UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELENA DVOINIK and
BORIS ZAVADOVSKY,

      Plaintiffs,

v.                                        Case No. 8:22-cv-1700-CEH-SPF

REPUBLIC OF AUSTRIA,

      Defendant.
_____/

**ORDER**

This matter comes before the Court upon *pro se* Plaintiffs' Motion to Disqualify the Defendants' Counsel Mr. Dale Webner (Doc. 35). Defendant responded in opposition (Doc. 36). Plaintiffs filed two notices in support of their motion (Docs. 37, 40), and Defendant responded to both (Docs. 39, 41).[1] Upon consideration, the Court finds the motion should be DENIED.

A motion to disqualify an attorney is governed by two sources: the local rules of the court in which he or she appears and federal common law. *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006).[2] "If a district court bases its disqualification order on an allegation of an ethical violation, the court may not simply rely on a general inherent power

---

[1] The exhibits attached to the notices Plaintiffs filed in support of the motion (Docs. 37, 40) are either immaterial to the motion's allegations or duplicative of them. Moreover, to the extent Plaintiffs attempt to make further arguments in support of their motion, the filings qualify as improper replies in violation of Local Rule 3.01(d).

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

to admit and suspend attorneys, without any limit on such power." *Id*. (citation and quotations omitted). Instead, the court must "clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." *Id*.

Attorney disqualification is a "harsh sanction" that is "resorted to sparingly." *Id.* (citation omitted). This is "because a party is presumptively entitled to the counsel of his choice," and only compelling reasons can overcome that presumption. *In re Bellsouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). The party moving to disqualify bears the burden of proving "compelling reasons" for disqualification. *Id.* Courts view motions for disqualification with skepticism because they not only infringe on the freedom to choose counsel but can also be employed for tactical advantages. *Herrmann,* 199 F. App'x at 752.

Plaintiffs, proceeding *pro se*, allege Defendant's counsel Dale Webner violated four provisions of the Rules Regulating the Florida Bar (Doc. 35 at 1–3). Plaintiffs argue Mr. Webner (1) represents Austria without the consent of its statutory lawyer and legal advisor, known as the Finanzprokuratur, in violation of Rule 4-1.13, "Organization as Client"; (2) has unreasonably limited the scope of his representation in violation of Rule 4-1.2(c), "Limitation of Objectives and Scope of Representation"; (3) has engaged in an attorney-client relationship with a nonconsentable conflict of interest in violation of Rule 4-1.7, "Conflict of Interest; Current Clients"; and (4) has improperly accepted non-client compensation in violation of Rule 4-1.8(f), "Compensation by Third Party" (*Id.*). *See* R. Regulating Fla. Bar 4-1.13, 4-1.2(c), 4-1.7, and 4-1.8(f). Plaintiffs fail to carry their burden on any of these bases.

Rule 4-1.13

Plaintiffs argue Mr. Webner should be disqualified for violating Florida Bar Rule 4-1.13, which provides, in relevant part:

> **(a) Representation of Organization.** A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.
>
> . . .
>
> **(d) Identification of Client.** In dealing with an organization's directors, officers, employees, members, shareholders, or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing.

R. Regulating Fla. Bar 4-1.13(a), (d).

From what the Court can discern, Plaintiffs allege Mr. Webner did not seek and obtain consent of the Finanzprokuratur, and, therefore, cannot represent Austria (Doc. 35 at 10–11). Plaintiffs state, "According to the Austrian Law, the authority, which is solely authorized to represent the Republic in domestic and foreign courts is Austrian Finanzprokuratur. Only Finanzprokuratur is authorized to retain foreign lawyers for legal service of the Republic. Written informed consent of the Finanzprokuratur required" (*Id.* at 10). Mr. Webner avers he obtained this consent, asserting, "I have had direct and frequent contact with the Austrian Finanzprokuratur . . . and I and attorney Rolff are fully authorized by the Finanzprokuratur to represent the Austrian Defendants in all cases" (Doc. 36-2 at 4).

Plaintiffs have cited to no case law and have provided no evidence showing a lack of proper consent to Mr. Webner's representation. The Court finds Plaintiffs have not met their burden of establishing a Rule 4-1.13 violation.

<u>Rule 4-1.2(c)</u>

Plaintiffs also allege Mr. Webner violated Rule 4-1.2(c), which provides:

**(c) Limitation of Objectives and Scope of Representation.** If not prohibited by law or rule, a lawyer and client may agree to limit the objectives or scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent in writing, except that a lawyer giving advice in a short-term limited legal services program under Rule 4-6.6 is not required to obtain the consent in writing. If the lawyer and client agree to limit the scope of the representation, the lawyer must advise the client regarding applicability of the rule prohibiting communication with a represented person.

R. Regulating Fla. Bar 4-1.2(c).

Plaintiffs argue, "In the present case the limitations cannot be counted as 'reasonable under the circumstances' considering the facts that all affected individuals are Austrian persons, German native speakers not fluent in English, not accustomed to U.S. common law legal system . . . without experience with U.S. civil litigations" (Doc. 35 at 12). Plaintiffs also reiterate their belief that Mr. Webner is not authorized to represent Austria and allege that Mr. Webner unreasonably limited his representation by listing a series of purposes for appearing in his notices of appearance (Doc. 35 at 5–8, 12). Plaintiffs argue Mr. Webner violated Rule 4-1.2(c) even if these limitations were reasonable because he failed to obtain informed consent to make them (*Id.*). They add that Mr. Webner further violated the rule by engaging in "misrepresentation, and deceiving the opposing parties regarding existing scope of power of attorney from clients, represented by [him]" (*Id.* at 13). Mr. Webner responds that "many of [his] contacts with the Finanzprokuratur and other Austrians have been in the English language and others have been the German language with the assistance of co-counsel, Elke Rolff, who is fluent in German" (Doc 36-2 at 4). He states he is "fully authorized by the Finanzprokuratur to represent the Austrian Defendants in all cases" (*Id.*).

4

The Court is not persuaded by Plaintiffs' arguments. First, Plaintiffs fail to explain how any non-English communications between Mr. Webner and his clients unreasonably limit the scope or objectives of his representation. Further, again, Plaintiffs have provided no proof that Mr. Webner is unauthorized to represent Austria. Lastly, Plaintiffs' characterization of Webner's services as "limited" is of no consequence. Prior to the 2021 revisions to the Middle District of Florida Local Rules, an attorney made a "general" appearance unless "otherwise expressly stated." L.R. 2.03(a), M.D.Fla. (2009). The current Local Rules, however, eliminate the concept of general versus limited appearances. Now, a "lawyer's pleading, motion, or other paper serves as that lawyer's appearance in an action." L.R. 2.02(b), M.D.Fla. (2024). Once a lawyer makes an appearance, "the lawyer cannot without leave of court abandon, or withdraw from, the action." L.R. 2.02(c), M.D.Fla. (2024). The Court finds Plaintiffs have not met their burden of establishing a violation.

<u>Rule 4-1.7</u>

Plaintiffs also allege Mr. Webner violated Rule 4-1.7, which provides:

> **(a) Representing Adverse Interests.** Except as provided in subdivision (b), a lawyer must not represent a client if:
>
>> (1) the representation of 1 client will be directly adverse to another client; or
>>
>> (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> **(b) Informed Consent.** Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if:
>
>> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>>
>> (2) the representation is not prohibited by law;

> (3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.

R. Regulating Fla. Bar 4-1.7(a), (b).

Plaintiffs contend Mr. Webner's representation of Austrian individuals has been materially limited by his representation of Austria, Ms. Rolff, John/Jane Doe, and his own personal interests[3] (Doc. 35 at 13–15). They allege Mr. Webner has not obtained clients' informed consent to these limitations (Doc. 35 at 15). Mr. Webner responds that Plaintiffs "have not identified how the representation of any one client would be directly adverse to another client," and have not shown a substantial risk that the representation of one client would materially limit the representation of another. The Court agrees. While Plaintiffs make several allegations as to Mr. Webner's client history, Plaintiffs do no more than conclude a violation occurred. Given the conclusory nature of Plaintiffs' allegations and absence of citations to supporting authority, the Court finds Plaintiffs' Rule 4-1.7 arguments to be meritless.

Rule 4-1.8(f)

Finally, Plaintiffs allege Mr. Webner violated Rule 4-1.8(f), which provides:

> (**f) Compensation by Third Party.** A lawyer is prohibited from accepting compensation for representing a client from one other than the client unless:
>
> (1) the client gives informed consent;

---

[3] Plaintiffs claim Mr. Webner should be disqualified under the "personal interests" provision of Rule 4-1.7(a)(2) for a variety of reasons, including a lack of "enough experience and skills" in relevant areas, and a pattern of acting "intentionally or/and negligent[ly] in bad faith" (Doc. 35 at 14). However, Plaintiffs fail to explain how these allegations relate to Mr. Webner's personal interests.

6

> (2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and
>
> (3) information relating to representation of a client is protected as required by rule 4-1.6.

R. Regulating Fla. Bar 4-1.8(f).

Plaintiffs do not include arguments regarding this allegation in their memorandum of law (Doc. 35 at 15). In the motion's introduction, Plaintiffs allege Mr. Webner violated this rule because (1) he "accept[ed] compensation for representing [Austria] in the present case and Austrian individuals in related cases <u>from other than the clients</u>" without clients' informed consent; (2) there was "obvious interference with [Mr. Webner's] independence of professional judgment and with the client-lawyer relationship"; and (3) he shared representation-related information with other clients and third parties (*Id.* at 3) (emphasis in original). Defendant avers Plaintiffs provide no evidence that Mr. Webner lacked informed consent, and that it is not Defendant's duty to "disprove Plaintiffs' fabrications, just to avoid disqualification" (Doc. 36 at 18) (emphasis omitted). As to the alleged transfers of confidential information, Mr. Webner contends he is entitled to use information discovered in a related Southern District of Florida case here, stating "[Plaintiffs] cannot shield the facts discovered in one case from the others" (*Id.* at 16).

Plaintiffs have provided no evidence that Mr. Webner lacked any clients' consent to accept compensation from a third party. Further, Plaintiffs have not supported their conclusory statement that there was "obvious interference with the lawyer's independence of professional judgment and with the client-lawyer relationship" (Doc. 35 at 2). And Plaintiffs point to no basis for their contention that Mr. Webner divulged confidential information in violation of Rule 4-1.6. The Court finds Plaintiffs' allegations to be without merit.

7

As such, Plaintiffs have not met their burden of demonstrating circumstances that are compelling enough to override the presumption that Defendant is entitled to counsel of its choice.

Accordingly, it is hereby **ORDERED**:

Plaintiffs' Motion to Disqualify the Defendants' Counsel Mr. Dale Webner (Doc. 35) is **DENIED**.

**ORDERED** in Tampa, Florida, on April 22, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE